TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00297-CR

Jeffery Baltz, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. 0964034, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

Appellant pleaded guilty before a jury to both paragraphs of an indictment accusing him
of burglary of a habitation. The first paragraph alleged that appellant, after entering, attempted to commit
and did commit sexual assault. The second paragraph alleged that, after entering, appellant attempted to
commit and did commit aggravated assault. See Tex. Penal Code Ann. § 30.02(a)(3) (West 1994). The
complainant testified that appellant broke into her apartment, then physically and sexually assaulted her in
a particularly brutal fashion. After hearing this and other evidence, the jury returned a directed verdict of
guilty and assessed punishment at imprisonment for sixty years and a $5000 fine.

Appellant contends in three interrelated points of error that the district court's jury charge
incorrectly instructed the jury regarding the offense to which appellant pleaded guilty, and that this error was
also reflected in the verdict and judgment of conviction. The charge told the jury that appellant pleaded
guilty to burglary of a habitation with intent to commit sexual assault, and instructed the jury to find him
guilty of that offense. See id. § 30.02(a)(1). The verdict form conformed to the court's charge. The
judgment reflects a conviction for the offense of burglary of a habitation with intent to commit sexual assault. 
Appellant also contends the jury should have been instructed to return a general verdict of guilty of burglary
of a habitation. See Tex. Code Crim. Proc. Ann. art. 37.07, § 1 (West 1981).

Appellant pleaded guilty to burglary of a habitation as defined in section 30.02(a)(3), and
not as defined in section 30.02(a)(1). Appellant did not object to this error in the charge, however, and
does not explain how he was egregiously harmed. See Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1985) (opinion on rehearing). Appellant also makes no effort to show that the error in verdict
form, to which he did not object, affected a substantial right. See Tex. R. App. P. 44.2(b). In light of
appellant's guilty plea before the jury and the uncontradicted evidence that appellant sexually assaulted the
complainant, the errors in the charge and verdict clearly did not contribute to the conviction or punishment. 
Points of error one and two are overruled. We will modify the district court's judgment to correct the
erroneous recital therein. To that extent only, point of error three is sustained.

The judgment of conviction is modified to state that appellant was convicted of burglary
of a habitation. As modified, the judgment is affirmed. See Tex. R. App. P. 43.2(b). 

 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Modified and, as Modified, Affirmed

Filed: November 20, 1997

Do Not Publish